People of Puerto Rico, Plaintiff and Appellee, *v.* Angel Guillermo Rodríguez, Defendant and Appellant.

No. 6076. Argued May 20, 1936.—Decided June 4, 1936.

*Eduardo Flores Colón* for appellant. *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The appellant was charged with the following:

"That at 2 o'clock in the afternoon of March 31, 1935 on Muñoz Rivera Street of Río Piedras, P. R. in the Municipal Judicial District of Río Piedras, P. R. which forms a part of the Judicial District of San Juan, P. R. the said defendant, Angel Guillermo Rodríguez then and there unlawfully, wilfully, and maliciously, was acting as a Public Carrier, transporting passengers in automobile No. P–2237, which he owns, on the route between Río Piedras and San Juan, at a fare of ten cents a passenger, without having a certificate of Necessity and Convenience or any other valid authority from the Public Service Commission to operate on the said route, in spite of the fact that the latter is served by the White Star Bus Line, Inc. a public service company, which is the only one authorized to give such service, by virtue of a franchise granted by the Public Service Commission of Puerto Rico on April 9, 1927 and approved by the Hon. Governor of Puerto Rico on April 12, of the same year; infringing in this way the Final Order of the Public Service Commission of Puerto Rico dated October 15, 1932, which was published by notices in the newspapers 'La Correspondencia de Puerto Rico' on October 18, 1932, and in 'La Democracia' on October 19, 1932, and amended in accordance with the Final Order of the Public Service Commission of Puerto Rico of March 16, 1935, and Section 95 of the Public Service Act of Puerto Rico as amended by Act No. 2 of May 7, 1927 (Session Laws, p. 398)."

When the case came up for trial the complaint was read to the defendant who pleaded not guilty. The People and the defendant presented their evidence. The court found the defendant guilty and fined him fifty dollars. He appealed and in his brief maintains that the final order of the Commission does not refer to juridical or natural persons but to vehicles, that said order only prohibits the establishment of passenger service between San Juan and Río Piedras and that it was not shown that the defendant was engaged in the said service without permission from the Commission.

██ The Order of the Public Service Commission which the defendant is accused of infringing provides in so far as pertinent, as follows:

"It is further ordered and hereby forbidden that any motor vehicle which has not been previously authorized by the Commission act, serve, function or operate as a public carrier in the transportation of passengers by hiring seats, holding out, offering, affording, or rendering its service to the general public, for payment or by the seat, between the points included in the routes served by the White Star Line, Inc.

"The fact that a motor vehicle transports one or more passengers from one spot to another within the routes served by the White Star Line, Inc, for payment per seat, will constitute *prima facie* evidence of a violation of the provisions of this order."

The first contention of the appellant lacks a solid basis. In referring to a "motor vehicle", the Commission had in mind a vehicle in motion, which cannot be conceived without the chauffeur who drives it. Although the progress made by science is in truth marvelous, it is not yet able to dispense with reason and experience, which are its own fountain heads, for putting into action the machines which it has created.

If any doubt could arise, it would disappear upon considering the order of the Commission which the defendant is accused of violating, in the light of Section 95 of the Public Service Act of Puerto Rico as amended by Act No. 2 of 1927, (Session Laws, p. 406) which provides:

"If any public-service person or company shall violate any of the provisions of this Act, or shall perform any act herein probihited; or shall fail, omit, neglect, or refuse to perform any duty enjoined upon it by this Act; or shall fail, omit, neglect or refuse to obey, observe and comply with any final direction, requirement, determination or order made by the commission; or to comply with any judgment, order or decree made by any court, such public-service company shall, upon conviction by a court of competent jurisdiction be fined not less than fifty (50) dollars nor more than one thousand (1,000) dollars for such violation, omission, failure, neglect or refusal.

"Municipal courts shall have concurrent jurisdiction in these cases."

See also the case of *People* v. *Vega*, 45 P.R.R. 216.

The Order of the. Commission cannot be interpreted as prohibiting only the establishment of special passenger serv-ive on the route of the White Star Bus Line as the appellant maintains. It includes such special service and in addition such other service as might be rendered by other outside lines which follow that route. Unless previously authorized by the Commission, no motor vehicles other than those of the White Star Bus Line may engage in the business of transporting passengers for hire, by the seat, whether they operate solely within the Río Piedras-San Juan route, or whether they enter said route in the regular course of trips from other towns of the Island of San Juan. It is clear that the lines from the Island may carry on their business, in accordance with their authority, as far as San Juan, but once inside the Río Piedras-San Juan route or viceversa they may no longer take passengers within the said route, for the exclusive service of the same.

It seems well to add that the order of the Commission was the result of an ample investigation and tends to guarantee the franchise granted to the White Star Bus Line as well as the interests and safety of the public in general.

■■ We have examined the evidence and in our opinion it is sufficient to find that the defendant, while driving the motor vehicle in question, engaged in transporting passen-

gers from Fajardo to San Juan, invited a passenger, in Río Piedras, to ride at bus prices to San Juan, and that he was seen to accept such passenger. We do not believe that it was absolutely necessary for the prosecution to present in evidence a certificate negating authority from the Commission. If he was in fact authorized to do so, the defendant could have and should have as a matter of defense, presented the affirmative certificate.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision. of this case.